FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 1 2 2007   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CHRISTOPHER THOMPSON,

                              Plaintiff,

-Against-

AUTO RX, LC d/b/a AUTORX, RITE-AID
CORPORATION, BRIAN ANDERSON, ADAM
CONDIE, ALICE ROSS and LARALYN MOON,

                         Defendants.

-------------------------------------------------------------x

**COMPLAINT**

**DOCKET NO.** _____

**HON.** _____

# CV-07 4287

**TRIAL BY JURY
DEMANDED**

# FEUERSTEIN, S

# WALL, M.J.

Plaintiff, by his attorney, CHRISTOPHER THOMPSON & ASSOCIATES, P.C., as and for his complaint against defendants, AUTO RX, LC d/b/a AUTORX, RITE-AID CORPORATION, BRIAN ANDERSON, ADAM CONDIE, ALICE ROSS and LARALYN MOON sets forth and alleges as follow:

## INTRODUCTION

1.  This is an action brought as a result of violations by the defendants of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sec. 1692 and violations of New York State law including NYS General Business Law ("GBL") Sec. 349 and 601.

## PARTIES

2.  Plaintiff, CHRISTOPHER THOMPSON ("THOMPSON"), is a natural person residing in the Eastern District of New York.

3.  Upon information and belief defendant, AUTO RX, LC d/b/a AUTORX ("AUTORX") is a corporation, partnership, limited partnership or other entity existing under and by virtue of the laws of the State of Utah.

4.  Upon information and belief defendant, RITE-AID CORPORATION ("RITE-AID") is a corporation, partnership, limited partnership or other entity existing under and by virtue of the laws of the State of Delaware.

5.  Upon information and belief defendants BRIAN ANDERSON ("ANDERSON"), ADAM CONDIE ("CONDIE"), ALICE ROSS ("ROSS") and LARALYN MOON ("MOON") are each natural persons residing in the State of Utah.

6.  Upon information and belief defendants AUTO RX, ANDERSON, CONDIE, ROSS and MOON are debt collectors governed by the "FDCPA".

7.  Upon information and belief defendant, RITE-AID, is a duly licensed pharmacy in the State of New York.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the parties pursuant to 28 U.S.C. sec. 1331 and 28 U.S.C. sec. 1367.

9.  Venue is properly placed in this District pursuant to 28 U.S.C. 1391 (b).

## BACKGROUND

10.  On or about February 11, 2007, plaintiff, THOMPSON, was involved in an automobile accident.

11.  On or about February 28, 2007, THOMPSON, visited a medical doctor who prescribed medication as pain relief for the injuries suffered in the accident on February 11, 2007.

12.  On or about February 28, 2007, THOMPSON submitted the prescriptions to defendant, RITE-AID, to be filled.  The prescriptions were filled on said date but were not made available

to THOMPSON for several days since the bill for the prescribed medication was to be paid for by AUTORX and RITE-AID was concerned they might not be paid.

13.   On or about March 26, 2007, defendant, AUTORX, mailed a letter to THOMPSON demanding payment of the sum of $44.99. In part the letter states: "Inasmuch as Auto Rx has paid the pharmacy for these medications, you now owe us $44.99, which is the difference between our billed amount ($44.99) and the amount paid by your insurance company ($0.00)." The explanation given in the letter was that: "The transactions have not been paid by your insurance carrier for the following reason(s):  Payment has been applied to your Deductible." The letter is signed by defendant, MOON.

14.   The March 26, 2007, letter further states in bold capitalized type at the bottom of the page as follows: "THIS LETTER IS AN ATTEMP TO COLLECT A DEBT.  ANY INFORMATION RECEIVED WILL BE USED FOR THAT PURPOSE."

15.   On or about April 11, 2007, THOMPSON telephoned AUTORX and spoke with defendant, ROSS. During the conversation ROSS demanded that THOMPSON pay the sum of $44.99 which THOMPSON paid via credit card payment. Thereafter, on the same day, ROSS sent a fax transmission to THOMPSON confirming receipt of the payment in full.  At that time the full deductible had been met.

16.   On or about April 25, 2007, THOMPSON telephoned AUTORX and spoke with defendants, CONDIE and ANDERSON regarding the collection claim and March 26th letter.

17.   On or about May 16, 2007, attorney for THOMPSON forwarded a letter to AUTORX advising, in part, of multiple perceived violations of Federal law and demanding redress.  A copy of the May 16, 2007 letter is attached to the Complaint as Exhibit "A".

18.   The letter states in part: "In a telephone conversation with your office on April 11, 2007, Thompson was told that a certain prescription could not be filled due to a deductible having not been reached.  In that call Thompson was notified for the first time that he was required to pay

3

for a previously tendered prescription.  Payment was tendered immediately via credit card and a receipt was forwarded relate to same.  However, the following day, Thompson received the attached invoice making demand for payment"

19.  The May 16th letter further demanded (1) verification of the debt (2) the method by which AUTORX accessed Thompson's social security number and advised AUTORX of the following violations of Title 15 U.S.C. 1692:

- Not advising Thompson of the fact that your office was attempting to collect a debt, any information given would be used for that purpose and that your office is a debt collector.
- Failure by your office to verify who they were speaking with.
- Failure to provide the full 30 day disclosure warning on your initial communication.
- Threatening to refer Thompson's file to a collection agency and failing to disclose your relationship to the alleged debt.
- Improperly obtaining Thompson's social security number (which is potentially a violation of several other State and Federal Statutes).
- Distributing written communications dated March 26, and April 11, 2007, without setting forth the above collection warning.
- Distributing written communications dated March 26, and April 11, 2007, without marking them "personal & confidential".

20.  Based upon the above, Thompson made the following demands:

- The immediate receipt of a letter of apology addressed to Thompson and any other third-party in receipt of a copy of your communications, or any other communication which relates to the above mentioned claim including but not limited to Nationwide Insurance.

- The immediate payment of the sum of $25,000 for actual, statutory and punitive damages to be received on or before May 25, 2007.

21.  No written response was ever received by THOMPSON to the above demand.

22.  On or about June 1, 2007, THOMPSON submitted two (2) identical prescriptions to RITE-AID to be filled.

4

23. On or about June 5, 2007, THOMPSON was advised by RITE-AID that the prescriptions were not to be filled by RITE-AID without first obtaining written instruction from the attorneys for AUTORX to do so. No such written instruction from the attorneys for AUTORX was ever given. At the time there was no indication that payment was due or that the prescriptions were not to be covered by THOMPSON'S insurance carrier.

24. On or about June 22, 2007, attorney for THOMPSON wrote the attorney for AUTORX advising that the direction by AUTORX to RITE-AID to not fill the prescriptions was a direct violation of New York law. The June 22, 2007 letter is attached as Exhibit "B".

25. No written response to the June 22, 2007 letter was ever received.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT AUTORX

26. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "25" of the complaint with the same force and effect as if the same were fully set forth at length herein.

27. The actions of defendant, AUTORX, as set forth herein constitute violations of the "FDCPA" and "GBL" including but not limited to:

- Not advising Thompson of the fact that your office was attempting to collect a debt, any information given would be used for that purpose and that your office is a debt collector.
- Failure by your office to verify who they were speaking with.
- Failure to provide the full 30 day disclosure warning on your initial communication.
- Threatening to refer Thompson's file to a collection agency and failing to disclose your relationship to the alleged debt.
- Improperly obtaining Thompson's social security number (which is potentially a violation of several other State and Federal Statutes).
- Distributing written communications dated March 26, and April 11, 2007, without setting forth the above collection warning.
- Distributing written communications dated March 26, and April 11, 2007, without marking them "personal & confidential".

5

28.  As a result of the actions and inactions of defendant, AUTORX, plaintiff has been damaged in an amount to be determined at trial but in no event less than ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS AUTORX AND RITE-AID

29.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "28" of the complaint with the same force and effect as if the same were fully set forth at length herein.

30.  The actions of defendant, AUTORX and RITE-AID, as set forth herein were intentional and did cause THOMPSON to incur damages, including but not limited to pain and suffering as a result of being deprived of the medication prescribed by THOMPSON'S medical doctor.

31.  As a result of the actions and inactions of defendants, AUTORX and RITE-AID, plaintiff has been damaged in an amount to be determined at trial but in no event less than FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ANDERSON AND CONDIE

32.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "31" of the complaint with the same force and effect as if the same were fully set forth at length herein.

33.  The actions of defendants, ANDERSON and CONDIE, as set forth herein constitute violations of the "FDCPA" and "GBL" including but not limited to:

- Not advising Thompson of the fact that your office was attempting to collect a debt, any information given would be used for that purpose and that your office is a debt collector.

6

- Failure by your office to verify who they were speaking with.
- Improperly obtaining Thompson's social security number (which is potentially a violation of several other State and Federal Statutes).

34.  As a result of the actions and inactions of defendants, ANDERSON and CONDIE, plaintiff has been damaged in an amount to be determined at trial but in no event less than ONE MILLION ($1,000,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT MOON

35.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "34" of the complaint with the same force and effect as if the same were fully set forth at length herein.

36.  The actions of defendant, MOON, as set forth herein constitute violations of the "FDCPA" and "GBL" including but not limited to:

- Not advising Thompson of the fact that your office was attempting to collect a debt, any information given would be used for that purpose and that your office is a debt collector.
- Failure by your office to verify who they were speaking with.
- Failure to provide the full 30 day disclosure warning on your initial communication.
- Threatening to refer Thompson's file to a collection agency and failing to disclose your relationship to the alleged debt.
- Improperly obtaining Thompson's social security number (which is potentially a violation of several other State and Federal Statutes).
- Distributing written communications dated March 26, 2007, without setting forth the above collection warning.
- Distributing written communications dated March 26, 2007, without marking them "personal & confidential".

37. As a result of the actions and inactions of defendant, MOON, plaintiff has been damaged in an amount to be determined at trial but in no event less than ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT ROSS

38. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "37" of the complaint with the same force and effect as if the same were fully set forth at length herein.

39. The actions of defendant, ROSS, as set forth herein constitute violations of the "FDCPA" and "GBL" including but not limited to:

- Not advising Thompson of the fact that your office was attempting to collect a debt, any information given would be used for that purpose and that your office is a debt collector.
- Failure by your office to verify who they were speaking with.
- Failure to provide the full 30 day disclosure warning on your initial communication.
- Threatening to refer Thompson's file to a collection agency and failing to disclose your relationship to the alleged debt.
- Improperly obtaining Thompson's social security number (which is potentially a violation of several other State and Federal Statutes).
- Distributing written communications dated April 11, 2007, without setting forth the above collection warning.
- Distributing written communications dated April 11, 2007, without marking them "personal & confidential".

40. As a result of the actions and inactions of defendant, MOON, plaintiff has been damaged in an amount to be determined at trial but in no event less than ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT AUTORX AND RITE-AID

41. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "40" of the complaint with the same force and effect as if the same were fully set forth at length herein.

42. That defendants AUTORX and RITE-AID were negligent in failing to fill THOMPSON's prescriptions.

8

43.   The actions of defendants, AUTORX and RITE-AID, as set forth herein did cause THOMPSON to incur damages, including but not limited to pain and suffering as a result of being deprived of the medication prescribed by THOMPSON'S medical doctor.

44.   As a result of the actions and inactions of defendants, AUTORX and RITE-AID, plaintiff has been damaged in an amount to be determined at trial but in no event less than FIVE MILLION ($5,000,000) DOLLARS.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT AUTORX AND RITE-AID**

45.   Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "44" of the complaint with the same force and effect as if the same were fully set forth at length herein.

46.   Upon information and belief AUTORX is not a licensed pharmaceutical in the State of New York and has no authority to dictate whether or not a prescription can be filled by a licensed pharmaceutical.

47.   AUTORX, without any legal authority to do so, instructed RITE-AID to not re-fill the previously filled prescriptions.

48.   RITE-AID did follow the instructions of AUTORX.

49.   The actions of defendants, AUTORX and RITE-AID as set forth herein constitute a deceptive act and unlawful practices as these terms are defined in NYS General Business Law Sec. 349.

50.   The actions of defendants, AUTORX and RITE-AID of failing to fill THOMPSON's prescriptions amounts to the illegal practice of medicine in the State of New York.

51.   As a result of the actions and inactions of defendants, AUTORX and RITE-AID, plaintiff has been damaged in an amount to be determined at trial but in no event less than FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT AUTORX AND RITE-AID

52.   Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" to "51" of the complaint with the same force and effect as if the same were fully set forth at length herein.

53.   The actions of defendants, AUTORX and RITE-AID of failing to fill THOMPSON's prescriptions amounts to the illegal practice of medicine in the State of New York.

54.   Plaintiff seeks punitive damages against defendants, AUTORX and RITE-AID, to discourage said defendants from taking such illegal actions against other consumers similarly situate.

55.   As a result of the actions and inactions of defendants, AUTORX and RITE-AID, plaintiff seeks punitive damages in an amount to be determined at trial but in no event less than TWENTY-FIVE MILLION ($25,000,000) DOLLARS.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands judgment as follows:

(a) on the first cause of action awarding plaintiff actual damages against defendant, AUTORX, in an amount to be determined at trial not less than ONE MILLION ($1,000,000) DOLLARS, together with interest thereon pursuant to 15 U.S.C. 1692;

(b) on the second cause of action awarding plaintiff damages against defendants, AUTORX and RITE-AID, in an amount to be determined at trial not less than FIVE MILLION ($5,000,000) DOLLARS, together with interest thereon;

(c) on the third cause of action awarding plaintiff actual damages against defendants ANDERSON and CONDIE in an amount to be determined at trial not less than ONE MILLION ($1,000,000) DOLLARS, together with interest thereon pursuant to 15 U.S.C. 1692;

(d) ) on the fourth cause of action awarding plaintiff actual damages against defendant MOON in an amount to be determined at trial not less than ONE MILLION ($1,000,000) DOLLARS, together with interest thereon pursuant to 15 U.S.C. 1692;

(e) on the fifth cause of action awarding plaintiff actual damages against defendant ROSS in an amount to be determined at trial not less than ONE MILLION ($1,000,000) DOLLARS, together with interest thereon pursuant to 15 U.S.C. 1692;

(f) on the sixth cause of action awarding plaintiff damages against defendants, AUTORX and RITE-AID, in an amount to be determined at trial not less than FIVE MILLION ($5,000,000) DOLLARS, together with interest thereon;

(g) on the seventh cause of action awarding plaintiff damages against defendants, AUTORX and RITE-AID, in an amount to be determined at trial not less than FIVE MILLION ($5,000,000) DOLLARS, together with interest thereon;

(h) on the eighth cause of action awarding plaintiff punitive damages against defendants, AUTORX and RITE-AID, in an amount to be determined at trial not less than TWENTY-FIVE MILLION ($25,000,000) DOLLARS, together with interest thereon;

(i) Awarding plaintiff his costs and expenses of this litigation, including reasonable attorney's fees, accountant's fees and expert fees and other costs and disbursements as mandated by 15 U.S.C. sec., 1692k;

(j)  Granting plaintiff leave to amend this Complaint to name and certify a class action against defendants, at any time prior to 60 days before trial, or in the alternative after actual discovery had been completed, in the event that discovery reveals the existence of other persons similarly situated, and

(k) Awarding plaintiff such other and further relief as is just and proper.

Dated: Melville, New York
      October 8, 2007

_____
CHRISTOPHER THOMPSON, ESQ. (CT9436)
CHRISTOPHER THOMPSON & ASSOCIATES, P.C.
35 PINELAWN ROAD, SUITE LL-4
MELVILLE, NY 11747
PH 1(631) 249-9500
FX 1(631) 249-9504